UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ATLANTIS HYDROPONICS, INC.,

       Plaintiff,

  v.

INTERNATIONAL GROWER'S SUPPLY,
INCORPORATED,

       Defendants.

CIVIL ACTION

NO. 1:12-CV-1206-CAP

**O R D E R**

This matter is before the court on the defendant's motion to set aside default [Doc. No. 8] and the plaintiff's motion to strike [Doc. No. 9].

The defendant concedes it did not timely answer the complaint or move to dismiss. See Def.'s Mot. to Cure Any Technical Default 1 [Doc. No. 8].[1] The defendant's motion asks the court for a

---

[1] Counsel for the defendant, Robert M. Ward, "respectfully apologizes to the Court, and to opposing counsel" for failing to file a response to the complaint, even within the extended time the plaintiff had agreed to give him, due to a "docketing error." Id. at 1 (also stating, [U]ndersign [sic] counsel apologizes to the Court and to counsel for any inconvenience that may have been caused . . . ."). The apology is owed to his client, not the court.

    Mr. Ward is warned that the court expects its deadlines to be followed, or, if they cannot be, then at minimum he should move (apparently with consent in this instance) for an extension of time. This warning is necessary because this is at least the second time this year that Mr. Ward has failed to timely respond due to a purported "docketing error," despite the fact that he should be familiar with the Northern District of Georgia's CM/ECF system due to his participation in numerous cases here. See Southern REO Associates, LLC v. Synergy Realty East, Inc., No. 1:11-CV-4216-CAP (N.D. Ga. Mar. 29, 2012) ("The Defendant and its counsel apologize to the Court for the **docketing error** that has occasioned the tardiness of this statement. It is hoped that no one will behave

"modest measure of relief" from the "technical default" its untimely response caused. Id. at 2. In its motion to strike, the plaintiff asks the court to give the defendant ten additional days to file an answer. Thus, the court considers the motion to set aside the default unopposed, and the motion [Doc. No. 8] is GRANTED.

Notwithstanding its tardiness, the defendant filed a motion to dismiss for lack of personal jurisdiction on June 26, 2012. The plaintiff moves to strike the motion because of its lateness, arguing such defense was waived under Fed. R. Civ. P. 12(h)(1). The defendant argues in response that "because there has been no entry of default, there can be no waiver on the issue of jurisdiction over the [d]efendant," [Doc. No. 13, at 2-3],[2] and that the motion to strike another motion is unnecessary.

At this time, the court agrees with the second proposition. Whether the defendant waived the defense of personal jurisdiction by failing to "timely" assert it can wait for another day. See Fed. R. Civ. P. 12(h)(1); Suntrust Bank v. O'Brien, No. 3:09-CV-0085, 2009 WL 1393439, at *2 (N.D. Fla. May 18, 2009) (holding defense of

---

[sic] been inconvenienced thereby." (emphasis added) [Doc. No. 8], stricken by [Doc. No. 20]).

[2] If there was no default, why would the defendant move to cure or set it aside?

2

improper venue, one of the four waivable defenses listed in Rule 12(h)(1), was waived by failing to raise it before the time to answer had expired). But it is not necessary to strike the defendant's motion to dismiss in order to answer that question. If the court were to agree with the plaintiff's argument, the court could merely deny the motion to dismiss instead. Accordingly, the plaintiff's motion to strike [Doc. No. 9] is DENIED.

SO ORDERED, this <u>23rd</u> day of July, 2012.

<u>/s/ Charles A. Pannell, Jr.</u>
CHARLES A. PANNELL, JR.
United States District Judge