IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ATLANTIC HYDROPONICS, INC. ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO.: |
| ) | |
| v. ) | 1:12-cv-01206-CAP |
| ) | |
| INTERNATIONAL GROWER'S ) | |
| SUPPLY, INCORPORATED ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT
OF MOTION TO STAY LITIGATION
PENDING REEXAMINATION OF DEFENDANT'S PATENT
AND BRIEF IN SUPPORT**

Plaintiff Atlantis Hydroponics, Inc. ("Atlantis Hydroponics") files this Reply in Further Support of its Motion to Stay Litigation Pending Reexamination of Defendant's Patent [Doc. 27] and states as follows:

### I.   Introduction

Though Atlantis Hydroponics has from the start wished to quickly resolve its dispute with Defendant International Grower's Supply, Incorporated ("Defendant") – and still wishes to do so – a change of circumstances outside of Atlantis Hydroponics' control made it prudent for Atlantis Hydroponics to file its Motion to Stay. That change of circumstances: an unrelated third party challenged all of the

claims of one of the two patents involved in this action.  The third party filed an *ex parte* request for reexamination with the United States Patent and Trademark Office (USPTO), which has now been granted.  Each claim of Defendant's second patent has a narrower counterpart in the patent being reexamined.

"Regardless of the type of reexamination, when patent claims are found finally to be unpatentable in reexamination proceedings, all persons are thereafter precluded from asserting unpatentable claims."  (Lester L. Hewitt et al., *The Tension between Reexamination and Litigation: A Roadmap for Patent Litigators*, IP LITIGATOR, Jan./Feb. 2012, at 1, *available at* http://www.akingump.com (then follow "Publications" link, then follow "Written Works" link)).  ***Because this reexamination throws the status of both patents into question,*** Atlantis Hydroponics moves to stay the litigation until there is some certainty that the patent will not be invalidated[1] and this litigation will not be rendered moot.  Despite what Defendant may believe, Atlantis Hydroponics files this Motion not for any bad faith purpose, not because it wants this case to be pending for five to seven years and not in contravention of its assertions that the situation has caused it great uncertainty and anxiety.  Atlantis Hydroponics wants this litigation resolved

---

[1] Of the patents that are reexamined upon an *ex parte* request, there are changes to some of the claims in 60 percent of the cases, and all claims are canceled in 13 percent of the cases.  (See Doc. 27, Part II.D.)

expeditiously as much as Defendant does, but it wants it resolved appropriately, without waste of resources and without ignoring developments outside of this case.

## II. Background

### A. Request for Reexamination of '324.

On September 10, 2012, a Request for Reexamination of one of the two patents involved in this declaratory judgment action, U.S. Patent No. 7,823,324 (the "'324), was filed under 35 U.S.C. § 301 *et seq*. (See Doc. 27-1.) Atlantis Hydroponics did not file the Request for Reexamination; it was filed by a non-party with no connection to Atlantis Hydroponics. The USPTO granted the request for *ex parte* reexamination as to all 20 claims of '324 on October 23, 2012. A copy of the Order granting the reexamination is attached as Exhibit A.

### B. Procedural Background.

Atlantis Hydroponics filed its Motion to Stay Litigation Pending Reexamination of Defendant's Patent on October 16, 2012 [Doc. 27]. Defendant filed its opposition to the Motion on November 3, 2012 [Doc. 28].[2]

---

[2] Atlantis Hydroponics filed the same Motion in the related litigation, Civil Action No. 1:12-cv-02728-CAP, that is now before this Court. (See Doc. 18 for Plaintiff's Notice of Related Cases.) That Motion was filed on October 16, 2012, just as this one was, and submitted to Judge Pannell on November 6, 2012, after International Growers Supply, Inc. (Plaintiff therein) filed no opposition to the Motion. Attorney Robert M. Ward filed an appearance for International Growers Supply in

### C. Patents at Issue in This Case.

Atlantis Hydroponics' Complaint seeks declarations of invalidity and noninfringement of '324 and U.S. Patent No. 7,975,428 (the "'428"). Both Patents relate to indoor greenhouses with metal frames. (Doc. 1-1, p. 8; Doc. 1-2, p. 8). Each of the 15 claims of '428 corresponds with one of the 20 claims of '324[3]; '428 includes a broader version of the narrower '324 claim. If a narrower claim in '324 were to be modified or invalidated by reexamination, then its broader counterpart in '428 would be similarly modified or invalidated. As the USPTO has granted a reexamination of all 20 claims of '324, *every single claim of '428 is implicated by reexamination of '324*.

### III. Legal Arguments

### A. Atlantis Hydroponics' Motion is Timely, Even Though Court Has Not Decided Whether It Has Personal Jurisdiction Over Defendant.

Defendant mentions that Atlantis Hydroponics' Motion is "at best premature" because the Court has not yet ruled upon Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. 7]. (Doc. 28, p. 5). With this

---

that case on November 14, 2012, but the Motion to Stay in that case still has not been opposed.

[3] The following claims of the '324 Patent have no corresponding claim in the '428 Patent: 1(c)-(e), 12, 17-20.

argument, as with others in its opposition, Defendant misses a key point: depending on the outcome of the reexamination, ruling on personal jurisdiction might not even be necessary. Even so, nothing prevents the Court from addressing both Defendant's Motion to Dismiss and Atlantis Hydroponics' Motion to Stay at the same time or deciding Defendant's Motion to Dismiss first, if it so chooses. The Motion to Dismiss is fully briefed. Therefore, the Motion to Stay is timely.

> **B. Whether the Reexamination is *Ex Parte* or *Inter Partes*, the Factors Considered in the Court's Analysis Are the Same and Weigh in Favor of a Stay.**

Defendant makes a blanket assertion that the law does not favor a stay of litigation when a reexamination is not *inter partes* but *ex parte*, listing 10 cases from district courts outside of Georgia in which it claimed a stay pending an *ex parte* reexamination was denied. (Doc. 28, pp. 7-8).

> **1.** *Cases cited by Defendant as supporting argument that law does not favor a stay for an* **ex parte** *reexamination either are not on point, do not apply to the facts of this case or do not mandate this Court's denial of a stay.*

Defendant cites 10 cases in support of its argument that the law does not favor a stay when the reexamination is *ex parte* but provides no explanation of those cases or why they support such an argument. Two of the cases are not on point whatsoever. (See BarTex Research, LLC v. FedEx Corp., 611 F. Supp. 2d 647, 649 (E.D. Tex. 2009) (involving not *ex parte* but *inter partes* reexamination);

Delta Frangible Ammunititon, LLC v. Sinterfire, Inc., 663 F.Supp.2d 405 (W.D. Pa. 2009) (involving no stay of litigation or motion for same)).

Five of the cases are distinguishable from the present case on their facts alone.  The court in each case applied the same three factors in its analysis – prejudice or tactical disadvantage to non-moving party, simplification of issues in the case, and stage of the litigation (discussed in Part III.C, *infra*) – but declined to stay the case based on the particular facts at hand.  The facts in those cases differ ***substantially*** from the facts in this case.  (See Prestige Jewelry International, Inc. v. BK Jewellery HK, No. 11 Civ. 2930, 2012 WL 2899077, at *2-*3 (S.D.N.Y. July 16, 2012) (discovery was set to close in six weeks); Fujitsu Ltd. v. Tellabs Operations, Inc., Nos. 08 C 3379, 09 C 4530, 2012 WL 987272, at 1, *2, *4 (N.D. Ill. March 21, 2012) (under more complex procedural facts, case (1) was set for trial in four months, (2) had already been through claim construction and (3) involved four other patents not subjects of motion to stay); Belden Technologies Inc. v. Superior Essex Communications LP, Civ. No. 08-63, 2010 WL 3522327, at *1-*2 (D. Del. Sept. 2, 2010) ((1) Central Reexamination Unit of USPTO had noticed intent to confirm patentability of one of two patents under *ex parte* reexamination (id. at *1), (2) discovery was complete and trial about a week away (id. at *2) and (3) movant did not timely request stay but requested it after knowing

of rejection of claims in second patent under *ex parte* reexamination for "several months" (id.)); TouchTones Music Corp. v. Rowe International Corp., 676 F. Supp. 2d 169, 176-179 (S.D.N.Y. 2009) ((1) two of six patents at issue not closely tied to patents being reexamined, (2) of patents being reexamined, examiner had already confirmed validity of some claims and (3) discovery was almost complete and claim construction briefing was done); Regalo International, LLC v. DEX Products, Inc., No. 08-4206, 2009 WL 2951107, at *2 (D. Minn. Sept. 9, 2009) (movant appeared to be seeking delay, asserting prior art in its reexamination request that it did not include in prior art statement three months earlier)).

The final three cases cited by Defendant (eCOMSYSTEMS, Inc. v. Shared Marketing Services, Inc., No. 8:10-cv-1531-T-33AEP, 2011 WL 280942 (M.D. Fla. Jan. 26, 2011); Fusilamp, LLC v. Littelfuse, Inc., No. 10-20528-CIV, 2010 WL 2277545 (S.D. Fla. June 7, 2010); Biax Corp v. Fujitsu Computer Systems Corp., No. 2:06-CV-364, 2007 WL 614187 (E.D. Tex. Feb. 26, 2007)) are not binding on this court and merely illustrate that the court has discretion to decide for itself whether to grant a stay. The cases cited in Part III.B.2, *infra*, also have facts similar to those of the case at hand, and those courts grant the requested stays.

### 2. *Numerous other cases apply the same three factors and* **grant stays of litigation based on** **ex parte** *reexaminations.*

Requested stays have also been granted in numerous cases involving *ex parte* reexaminations on the same three factors.  For example, in Xpedite Systems LLC v. J2 Global Communications, Inc. (No. 1:11-CV-0706, 2011 WL 6712766 (N.D. Ga. Dec. 21, 2011), this Court weighed the three factors and granted a stay of the litigation when an *ex parte* request for reexamination of one of the two patents at issue had been granted two-and-a-half months earlier and called 22 of the 31 claims asserted in the lawsuit into question.  (The other patent had been the subject of an *inter partes* reexamination request around the same time, but all of its claims had been confirmed.)  Though the Court conceded that the plaintiff might suffer some prejudice for having to wait on a decision on the second patent, likely losing some market share and making damage calculation more difficult, it decided that the prejudice was outweighed by the high probability that the issues will be simplified by the likely amendment or cancellation of claims.  (Id. at *2).  Furthermore, the case was at an early stage, with a Joint Claim Construction Statement having only been filed and some depositions taken.  (Id.).

In MonoSol Rx, LLC v. BioDelivery Sciences International, Inc. (No. 10-5695, 2012 WL 762501 (D.N.J. March 7, 2012)), the court applied the three factors and granted a stay pending *ex parte* reexaminations of two of the patents at issue

and *inter partes* reexamination of the third patent at issue. Though the parties were competitors, the litigation was at a very early stage, and the Court noted that a stay would not foreclose the possibility of any remedies to the plaintiff. (Id. at *10-*11). Similarly, in Southeastern Metals Manufacturing Co., Inc. v. Millenium Metals, Inc. (No. 3:11-cv-1058-J-20JBT, 2012 WL 983767 (M.D. Fla. March 21, 2012)), the court applied the three factors and granted a stay pending *ex parte* reexamination because (1) the plaintiff offered no evidence in support of its assertion that the defendant, its direct competitor, would gain market share during a stay, (2) even though the defendants would be "free to relitigate the PTO's patent validity determinations . . . at minimum, trial will be facilitated by the availability of the PTO's expert views . . . [a]nd, as noted by Defendants, a finding of invalidity during the reexamination may result in a complete dismissal of this action" (id. at *2) and (3) the case was in the early stages of litigation, with only initial discovery requests having been exchanged. (Id.).

    The facts of this case align closely with those in Xpedite, MonoSol and Southeastern Metals. All three of those cases were at similar stages of litigation to this one. Even more of the patent claims involved in this litigation are called into question by the reexamination than there were in Xpedite and MonoSol. Like the non-movant in Southeastern Metals, Defendant herein has offered no factual

evidence supporting its arguments that it would be "greatly prejudiced by delay" (Doc. 28, p. 9). A stay will not foreclose any remedies to Defendant, just as the MonoSol court noted, and the outcome stands a good chance of simplifying issues, just as in Xpedite and Southeastern Metals. Therefore, the Court should not be persuaded by Defendant's list of cases but instead should follow these three factually similar cases cited above.

### C. The Factors Still Favor a Stay Pending Reexamination.

As noted above, the same three factors apply whether the reexamination is *ex parte* or *inter partes*: "(1) whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant; (2) whether a stay will simplify the issues in the case; and (3) whether discovery is complete and a trial date [has] been set." (Tomco Equip. Co. v. Southeastern Agri-Systems, Inc., 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008) (citation omitted)). Those factors weigh in favor of a stay of the litigation pending the reexamination of '324.

#### 1. *A stay would not unduly prejudice or present a tactical disadvantage to the non-moving party.*

Defendant argues that it would be prejudiced by a stay because it "urgently needs the equitable relief of a prompt injunction to stop Atlantis" (Doc. 28, p. 9), the legal remedy of damages will not provide it adequate relief and the harm of alleged infringing sales is irreparable. (Doc. 28, p. 9).

First off, Atlantis Hydroponics reminds the Court that the present case is not the patent infringement case filed by Defendant but is the declaratory judgment action filed by Atlantis Hydroponics in which Defendant has not yet filed an answer. The same Motion to Stay was filed in the patent infringement case (now pending in this Court, Case No. 1:12-cv-02728-CAP) ***and was not opposed***. The two cases have not been consolidated, and Defendant has only just filed a Motion to Consolidate in the patent infringement litigation.

Even if that were not the case, Defendant would only suffer the prejudice it describes *if* the claims are upheld and *if* Defendant were, in fact, entitled to injunctive relief against Atlantis Hydroponics. Neither of those conditions are given or can even be assumed. Furthermore, Defendant provides no evidentiary support for its assertions that money damages would not afford it adequate relief or that Atlantis Hydroponics' sales of its products are causing Defendant irreparable harm. (See, e.g., Tomco Equip. Co. v. Southeastern Agri-Systems, Inc., 542 F. Supp. 2d 1303, 1308 (N.D. Ga. 2008) (finding that prejudice incurred by plaintiff because defendant allegedly induced others to infringe plaintiff's patent can be remedied by money damages)). Therefore, there is no basis for finding that Defendant would be unduly prejudiced or disadvantaged.

### 2. *A stay will simplify the issues in this case.*

*a. Defendant's argument that an* ex parte *reexamination will not simplify issues is incorrect.* Defendant argues that a stay will not simplify the issues in this case because this is an *ex parte* reexamination that will not have a *res judicata* effect and will not allow the court to consider the expertise of the PTO in making its conclusions subsequent to a stay. (Doc. 28, p. 10). Defendant bolsters that argument by pointing out that the estoppel provisions of Patent Act Section 315 (35 U.S.C. § 315) only apply to a third-party requester. (Doc. 28, pp. 10-11).

Section 315 of the Patent Act (which, as Defendant points out, does not apply here), however, only estops the third-party *inter partes* reexamination requester from asserting "the invalidity of any claim finally determined to be valid and patentable on any ground which the third-party requester raised or could have raised during the inter partes reexamination proceedings." (35 U.S.C § 315(c)). It does not address the effect of a determination that a claim is invalid, which is the finding that would most simplify the issues in this case. (See, e.g., Lederer v. Newmatic Sound Systems, Inc., No. 10–CV–0271, 2011 WL 31189, at *3 (E.D.N.Y. Jan. 4, 2011) (rejecting plaintiff's arguments that stay for *ex parte* reexamination will complicate litigation because defendant not estopped from re-litigating results and reexamination more likely to uphold claims with certain

changes and finding that court will still benefit from examination record and, "should Plaintiff's optimism about the PTO's findings be misplaced, the Court will have wasted substantial resources resolving the patentability issue")).

*b. Defendant's argument that the issues before the court are materially different from the issues before the USPTO is unpersuasive.*  Next, Defendant contends that "the issues before this Court are materially different from the issues before the USPTO" because the issue of the invention covered by '324 being on sale more than a year before the earliest filing date of the patent is not considered in a reexamination proceeding.  (Doc. 28, p. 11-12).

The paragraph of the Complaint that Defendant cites alleges that '324 is invalid for failing to meet the conditions of patentability, ***for example***, that the invention was on sale more than a year before the earliest filing date of the patent. (Doc. 28, p. 11).  The fact that Atlantis Hydroponics gave this as an example does not foreclose the possibility that it will raise other arguments as to why '324 does not meet the conditions of patentability.  Furthermore, and again, the USPTO may conclude in the reexamination that '324's claims are invalid based on the evidence that it is permitted to consider.  Such a finding would lead to the same result regardless of additional evidence Atlantis Hydroponics has.

*c. Defendant's argument that the reexamination has any probative value because of the art cited is weak because the USPTO has reviewed the art and determined that a Substantial New Question of Patentability exists.* Finally, Defendant doubts any probative value of the reexamination because the request for reexamination cites three prior art patents that were before the Examiner in granting the claims of '324 and adds "only an ambiguous Internet 'blog' email directed to a materially different structure." (Doc. 28, p. 12).

In response, Atlantis Hydroponics notes that the PTO has now granted the reexamination and opined that a Substantial New Question of Patentability exists. The PTO engaged in a rigorous analysis before arriving at that opinion and then issued its order granting the reexamination. (See Exhibit A.) Whatever the prior art the third-party requester supplied, the PTO found it to be enough.

### 3. *The litigation is at a very early stage.*

Defendant contends that the entire litigation process set forth in the Local Patent Rules will be necessary "without regard to any activities of the anonymous, real-party-in-interest, non-party requestor before the USPTO." (Doc. 28, p. 13). Regard might not be due to the third-party requestor but **would** be due to the USPTO in its reexamination findings. If all or any claims of '324 are invalidated or amended, the breadth and depth of the issues to be addressed in the litigation

process will be reduced, perhaps to a great extent. Invalidation of claims might also persuade the parties to resolve the litigation outside of court entirely. Thus, again, a great amount of resources stand to be saved if the Court grants a stay.

## IV. Conclusion

*Because this reexamination throws the status of both patents into question,* Atlantis Hydroponics moves to stay the litigation until there is some certainty that the patent will not be invalidated and this litigation will not be rendered moot. The fact that it is an *ex parte* and not an *inter partes* reexamination does not change the fact that this is a possibility. Because a stay would not unduly prejudice or present a tactical disadvantage to Defendant, a stay would simplify the issues in this case, and this case is at a very early stage, the Court should grant Plaintiff's Motion for a stay of the litigation pending reexamination.

Dated this 19th day of November, 2012.

                    Respectfully Submitted,

              By:  **LILENFELD PC**

              */s/ Morgan Wood Bembry*
              David M. Lilenfeld
              Georgia Bar No. 452399
              Morgan Wood Bembry
              Georgia Bar No. 146077
              2970 Peachtree Road, NW, Suite 530
              Atlanta, Georgia  30305
              (404) 201-2520 - telephone
              (404) 393-9710 - facsimile
              David@LilenfeldPC.com
              Morgan@LilenfeldPC.com

              **ATTORNEYS FOR PLAINTIFF ATLANTIS HYDROPONICS, INC.**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ATLANTIS HYDROPONICS, INC. ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO.: |
| ) | |
| v. ) | 1:12-cv-01206-CAP |
| ) | |
| INTERNATIONAL GROWER'S ) | |
| SUPPLY, INCORPORATED ) | |
| ) | |
| Defendant. ) | |
| ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2012, I electronically filed the foregoing PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION TO STAY LITIGATION PENDING REEXAMINATION OF DEFENDANT'S PATENT AND BRIEF IN SUPPORT with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Robert M. Ward, Esq.
rward@dilworthip.com

This 19th day of November, 2012.

*/s/ Morgan Wood Bembry*
Morgan Wood Bembry